**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LUIS MOCTEZUMA RAMIREZ, | Civil Action No. 26-6496 (ZNQ) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, | |
| Respondents. | |

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner Luis Moctezuma Ramirez's habeas petition (ECF No. 1) challenging his ongoing immigration detention. Following an order to show cause, the Government filed a response to the petition.[1] (ECF No. 6.) For the following reasons, the petition shall be granted, and Petitioner shall be released.

Petitioner is a native and citizen of Mexico who entered the United States without admission or inspection approximately twenty years ago. (ECF No. 1 at 4-5; ECF No. 7-2 at 1-3.) On April 22, 2026, Petitioner was arrested during a targeted immigration enforcement operation, and was taken into custody pursuant to 8 U.S.C. § 1225(b)(2). (ECF No. 7-2 at 3.) Petitioner has

---

[1] This Court previously ordered that Petitioner would be permitted to file a reply following the Government's answer. (ECF No. 3.) As Petitioner's entitlement to relief is clear from the record following the answer, and as any reply from Petitioner will likely be delayed in light of his status as a detained pro se litigant, this Court will grant the petition without awaiting Petitioner's reply and avoid unjustly delaying Petitioner's release from detention.

1

remained in detention pursuant to § 1225(b)(2) since that time.  (ECF No. 7 at 2.)  Petitioner does

not have any criminal history in the United States.[2]  (ECF No. 7-2 at 3.)

The Government argues in this matter that Petitioner is lawfully detained as an applicant

for admission under 8 U.S.C. § 1225(b)(2).  (*See* ECF No. 7.)  The Government recognizes,

however, that its position "relies on the same statutory-interpretation arguments," (ECF No. 7 at

3), this Court has repeatedly rejected in finding that § 1225(b)(2) does not apply to aliens who

have resided within the United States for a lengthy period of time after crossing the border without

being admitted or paroled.  *See, e.g., Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J.

Nov. 21, 2025); *see also Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at 3 (D.N.J. Feb. 26,

2026); *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1 (D.N.J. Feb. 20, 2026).  As Petitioner

clearly falls into this category as he is an alien who entered the United States without admission

or inspection and remained at liberty in the United States for approximately twenty years prior to

being taken into custody, he may not be held under 8 U.S.C. § 1225(b)(2).  *See, e.g., Valerio*, 2025

WL 3251445, at *3.  Petitioner's continued mandatory detention under § 1225(b)(2) is therefore

unlawful.  *Id*.  Petitioner's habeas petition shall therefore be granted.

Turning to the question of the appropriate relief, the Government argues that the Court

should provide Petitioner only with the bond hearing to which he would have been entitled had he

been taken into custody under 8 U.S.C. § 1226(a).  *See, e.g., Borbot v. Warden Hudson Cnty. Corr.*

*Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018) (potentially removable aliens not subject to

mandatory detention statutes are subject to detention under 8 U.S.C. § 1226(a) under which they

---

[2] Petitioner's immigration records indicate that he did have a DUI offense of some sort in the past. (ECF No. 7-2 at 3.)  These records, however, do not provide any information as to the jurisdiction in which the offense occurred, the date of the offense, or the underlying facts.  Without more from the parties, the Court does not consider this alleged offense to be relevant history for purposes of assessing the petition before it.

are entitled to a bond hearing at which they can secure bond by demonstrating they are neither a flight risk or danger).  Notwithstanding that Petitioner may be subject to the provisions 8 U.S.C. § 1226(a) if properly taken into custody under that statute in the future, the Government did not take Petitioner into custody under § 1226(a), nor has it provided Petitioner with the procedural protections available to aliens under § 1226(a), including a proper bond hearing at which release on bond is a live possibility.  As this Court has explained,

> It is not incumbent upon the Court to fix the Government's flawed application of § 1225(b)(2) by converting Petitioner's detention into a potentially lawful alternate form under a different statute with different procedural requirements and rules.  This is especially so in light of the Government's . . . continued employment of an oft rejected legal position.  *See Hueso*, 2026 WL 539271, at *3-4. Because the Government has only sought to detain Petitioner under 8 U.S.C. § 1225(b)(2), and he is clearly not subject to detention under that statute, and as that statute clearly does not apply to Petitioner, the Government [must] release Petitioner from custody immediately.

*Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *2 (D.N.J. Mar. 2, 2026).

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall release Petitioner immediately.  An order consistent with this Memorandum Opinion will be entered.

Date: June 9, 2026

                     s/ Zahid N. Quraishi
                     **ZAHID N. QURAISHI**
                     **UNITED STATES DISTRICT JUDGE**